IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANGELA B. PUTTY, §
 §
      Plaintiff, §
 § Civil Action No. 3:16-CV-2562-D
VS. §
 §
FEDERAL NATIONAL MORTGAGE §
ASSOCIATION a/k/a FANNIE MAE, §
 §
      Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the attempted foreclosure of plaintiff's residence, defendant moves for summary judgment. Concluding that plaintiff has failed to create a genuine issue of material fact on any of her claims, the court grants defendant's motion and dismisses this lawsuit with prejudice by judgment filed today.

I

In 1998 plaintiff Angela B. Putty ("Putty") and her husband Tony B. Putty (collectively, the "Puttys") purchased real property ("Property") located in Midlothian, Texas.[1] To fund the purchase, the Puttys executed a promissory note ("Note") in the principal sum of $113,600, payable to NationsBanc Mortgage Corporation ("NationsBanc").

---

[1] In deciding this motion, the court views the evidence in the light most favorable to Putty as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

They also executed a Deed of Trust ("DOT"), granting NationsBanc a security interest in the Property.

NationsBanc assigned the DOT to Bank of America, N.A. ("BOA"), and BOA in turn assigned the DOT to defendant Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae"). In 2012 the Puttys became delinquent on their loan. In 2015 Fannie Mae mailed the Puttys a Notice of Default and Intent to Accelerate. When the Puttys failed to cure the default, the balance of the Note was accelerated, and the Property was posted for foreclosure. Fannie Mae purchased the Property at the substitute trustee's sale, filed an eviction action against the Puttys, and obtained a default judgment.[2]

Putty then filed the instant lawsuit against Fannie Mae in state court, alleging claims for vicarious liability under agency and apparent agency theories, violation of her due process rights under the United States and Texas Constitutions, eviction abuse, breach of contract, violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392.303 & 392.304 (West 2016), and wrongful foreclosure. Fannie Mae removed the case to this court and now moves for summary judgment on all of Putty's claims. Putty opposes the motion.

II

When a party moves for summary judgment on claims on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment

---

[2]Fannie Mae contends that when the Puttys appealed the judgment in the eviction action, Fannie Mae nonsuited its claims, and the court entered an order of nonsuit.

obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007 ) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court begins with Fannie Mae's motion for summary judgment dismissing Putty's breach of contract claim.

A

The elements of a claim for breach of contract under Texas law are "(1) the existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3) defendant['s] breach of the contract, and (4) damages to plaintiff resulting from the breach." *Orthoflex, Inc. v. ThermoTek, Inc.*, 983 F.Supp.2d 866, 872 (N.D. Tex. 2013) (Fitzwater, C.J.) (citation omitted), *appeal docketed*, No. 16-11381 (5th Cir. Sept. 16, 2016). Fannie Mae moves for summary judgment on Putty's breach of contract claim, contending that Putty has admitted

that she defaulted on payments on the Note. In the alternative, Fannie Mae contends that it is entitled to summary judgment on this claim because Putty has failed to state a claim. It posits that, to the extent she alleges the monthly statement amounts were inconsistent, that Fannie Mae's predecessor committed unspecified "accounting mistakes," and that she is entitled to an accounting, mortgage lenders have no general obligation to prepare an accounting before foreclosure can proceed; to the extent Putty alleges that Fannie Mae failed to properly apply payments to the loan following her default, she fails to identify evidence of any specific payments allegedly not properly accounted for; to the extent Putty complains that Fannie Mae wrongfully applied principal reduction payments to the escrow balance and/or past due balances, Putty expressly agreed (in the loan document itself) to payments being applied this way; to the extent Putty complains that the prior servicer held an insurance check in escrow for an extended period of time that was needed for repairs to the Property, there are no factual allegations or evidence establishing that holding insurance proceeds breaches any obligation under the loan, and, in any event, this claim is barred by Putty's prior breach of the loan; and Putty has no evidence that she maintained insurance on the Property or timely provided evidence of coverage to Fannie Mae or its predecessors.

B

Putty has not responded to Fannie Mae's arguments. Although Putty's failure to respond does not permit the court to enter a "default" summary judgment on this claim, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is

- 4 -

relegated to her unsworn pleadings, which do not constitute summary judgment evidence,"
*Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3). In her response brief, Putty contends, generally, that "there is a factual dispute to the correct amount owed at the foreclosure and plaintiff was deprived of the right to an accurate accounting," P. Br. 9, but she neither explains how Fannie Mae's conduct resulted in a breach of the Note nor does she adduce evidence that would create a genuine issue of material fact on her claim for breach of contract. Accordingly, the court grants Fannie Mae's motion for summary judgment on this claim.

IV

The court now considers Putty's claim under the TDCA.

> The elements of a TDCA claim are: (1) the debt is consumer debt; (2) the defendant is a debt collector, as defined by the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act.

*McDaniel v. JPMorgan Chase Bank*, N.A. 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (citing Tex. Fin. Code Ann. §§ 392.001-392.404). Fannie Mae contends that it is entitled to summary judgment dismissing Putty's TDCA claim because, *inter alia*, there is

no evidence that the debt is a consumer debt; that Fannie Mae is a "debt collector," as that term is defined in the TDCA; that Fannie Mae committed a wrongful act, in violation of the TDCA; and that the wrongful act was committed against Putty, or that Putty was injured as a result of Fannie Mae's wrongful act. Putty has not responded to any of Fannie Mae's arguments or pointed to evidence that would create a genuine issue of material fact with respect to her TDCA claim. Accordingly, for the reasons explained above, *see supra* § III, the court grants Fannie Mae's motion for summary judgment on Putty's TDCA claim.

V

Fannie Mae moves for summary judgment on Putty's claim for wrongful foreclosure, contending, *inter alia*, that Putty cannot show a defect in the foreclosure proceedings.

Under Texas law, the elements of a claim for wrongful foreclosure are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.); *see also Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, J.); *see also Musick*, 531 S.W.2d at 587.

Fannie Mae argues that it fully complied with the terms of the DOT and the Texas Property Code; that Putty does not allege a defect in the notice or other statutory

requirements for foreclosure proceedings; and that a request for an accounting prior to foreclosure is not a basis for a wrongful foreclosure claim. Putty has not responded to any of Fannie Mae's arguments or pointed to evidence that would create a genuine issue of material fact with respect to her claim for wrongful foreclosure. Accordingly, for the reasons explained above, *see supra* § III, the court grants Fannie Mae's motion for summary judgment on Putty's wrongful foreclosure claim.

VI

Fannie Mae moves for summary judgment on Putty's due process claim and her claim for eviction abuse/wrongful eviction, contending that, because Putty has not been evicted from the Property and still occupies the Property to date, these claims are moot. Putty has not responded to Fannie Mae's arguments.

A

A claim for eviction abuse or wrongful eviction under Texas law requires a showing that the plaintiff been evicted or dispossessed of the property. *See, e.g., Bernard v. CitiMortgage, Inc.*, 2014 WL 12580468, at *2 n.1 (N.D. Tex. May 7, 2014) (O'Connor, J.) ("The elements of a wrongful eviction claim are: '(1) the existence of an unexpired lease contract; (2) occupancy of the property in question by the plaintiff; (3) eviction or dispossession by the landlord; and (4) damages attributable to the eviction.'" (citation omitted)). Fannie Mae contends, and Putty does not dispute, that Putty still occupies the Property. Accordingly, Fannie Mae is entitled to summary judgment dismissing Putty's eviction abuse/wrongful eviction claims.

B

Putty bases her due process claim on two alleged violations: first, Putty was provided with a written eviction notice, but Fannie Mae failed to honor the date of the final move-out before initiating an eviction suit, and, second, Fannie Mae evicted Putty without serving her with a copy of the lawsuit so she could answer the case and defend it. Both alleged due process violations are based on Fannie Mae's conduct in "evicting" Putty. Yet Fannie Mae contends, and Putty does not dispute, that Putty still occupies the Property. Accordingly, Fannie Mae is entitled to summary judgment dismissing Putty's due process claim, which is based on alleged conduct relating to an eviction that did not occur.

VII

Finally, Fannie Mae moves for summary judgment on Putty's claims for declaratory and injunctive relief, contending that, because Putty cannot prevail on her underlying claims, she is not entitled to declaratory or injunctive relief.[3] The court agrees.

Putty seeks a declaration that BOA and/or its counsel, acting on behalf of Fannie Mae, breached the DOT; that Putty is entitled to immediate possession; that the foreclosure was and is invalid; and that title currently vests in Putty's name because the substitute trustee's deed is rescinded and canceled. She seeks injunctive relief to prevent her from being evicted from the Property before the issues can be adjudicated in this suit. Putty has failed to create a genuine issue of material fact, however, on any of her underlying claims. Because Putty's

---

[3]Putty also has not responded to this argument.

claims for declaratory and injunctive relief are predicated on her underlying claims, and because the court today is granting summary judgment on all of the underlying claims, the court also grants Fannie Mae's motion for summary judgment dismissing Putty's claims for declaratory and injunctive relief.

## VIII

In her response to Fannie Mae's summary judgment motion, Putty contends that she provided Fannie Mae with notice of error pursuant to 12 C.F.R. § 1024.35, and that she is entitled to damages under 12 C.F.R. 1024.41 and under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, because Fannie Mae failed to correct errors and proceeded with foreclosure. She also maintains that she "had an absolute right to a fair and accurate accounting of her mortgage loan and she was deprived of this right[, which] caused the plaintiff to lose the entire investment she had in the home which is estimated at least $41,348.21[.]" P. Br. 12. In her state-court petition, however, which has not been amended in this court, Putty does not plead a claim for a RESPA violation or of any related regulation. "'As a general rule, new claims cannot be raised in motions for summary judgment.'" *Sun River Energy, Inc. v. McMillan*, 2014 WL 4771852, at *10 (N.D. Tex. Sept. 25, 2014) (Fitzwater, C.J.) (quoting *Buchanan v. McCool*, 2006 WL 3044446, at *12 (E.D. Tex. Oct. 25, 2006)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990))). Accordingly, Putty's

arguments and evidence relating to an alleged violation of RESPA, 12 C.F.R. § 1024.41, or 12 C.F.R. § 1024.35 are insufficient to defeat Fannie Mae's motion for summary judgment.

\* \* \*

Accordingly, for the reasons explained, the court grants Fannie Mae's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

November 3, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE